UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FRAZIER DERRELL THOMAS | CRIMINAL ACTION NO. 03-50073-01 |
| VERSUS | CIVIL ACTION NO. 06-2056 |
| UNITED STATES OF AMERICA | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before the Court is Frazier Thomas' ("Thomas") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 37). For the reasons set forth herein, Thomas' motion is **DENIED**.

**I. FACTUAL BACKGROUND.**

On June 19, 2003, after he had agreed to sell a confidential informant 62 grams of crack cocaine, law enforcement officers watched Thomas leave an apartment in the Nantucket Harbor Apartment Complex and travel to several locations, including a home on Arnsdale Street in Shreveport, Louisiana. When the officers attempted to arrest Thomas, he ran and threw 62 grams of crack cocaine onto the ground. Once Thomas was arrested, he indicated to the officers that there were more drugs in his mother's home at 4712 Arnsdale. When the officers searched the house, they found 134.6 grams of crack cocaine, 1,292 grams of marijuana, and ammunition to a firearm in a safe. They also found an additional 6.142 grams of crack cocaine throughout the rest of the house.

Thomas consented to a search of the Nantucket Harbor apartment, where the officers found a .9 mm hand gun on the dresser of the bedroom. Trace amounts of cocaine and marijuana were found throughout the apartment.

## II.     PROCEDURAL BACKGROUND.

On July 9, 2003, a federal grand jury returned a three count indictment against Thomas. Count one charged him with possession with intent to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base (crack cocaine). Count two charged him with being a convicted felon in possession of a firearm.

On September 26, 2003, Thomas plead guilty to count one of the indictment. On January 8, 2004, he was sentenced to 210 months imprisonment. He appealed. On August 17, 2004, the U.S. Court of Appeals for the Fifth Circuit affirmed his conviction and sentence.

On January 31, 2005, the United States Supreme Court granted Thomas' petition for certiorari, vacated the judgment of the Court of Appeals, and remanded the case for reconsideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). On remand, the Fifth Circuit again affirmed Thomas' conviction and sentence, stating that there was no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime.[1] On February 21, 2006, the United States Supreme Court denied Thomas' petition for certiorari.

## III.     LAW AND ANALYSIS.

Thomas contends that he is entitled to relief under 28 U.S.C. § 2255 on two grounds: (1) his sentence was "illegal" because this Court improperly enhanced his sentence pursuant to U.S.S.G. § 2D1.1(b) by considering facts that were not presented to the jury, and (2) ineffective assistance of counsel. Thomas' claim of ineffective assistance

---

[1]The Fifth Circuit's opinion can be found at Record Document 35.

of counsel is based on his contention that his counsel failed to object to the enhancement of his sentence.

> **A.    Illegality of Sentence.**

Thomas argues that his sentence was improperly enhanced pursuant to U.S.S.G. § 2D1.1(b) because this Court considered testimony regarding his possession of a firearm at the time of the drug offense for which he plead guilty in order to increase his sentence two-points from the base level.  Thomas maintains that this Court's consideration of these facts to increase his sentence was illegal in light of the holdings of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

The only claims that are cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and, in rare circumstances, non-constitutional and non-jurisdictional issues that could result in a "complete miscarriage of justice." United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998); United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1996); United States v. Smith, 32 F.3d 194, 196 (5th Cir. 1994). Collateral review is fundamentally different from and may not replace a direct appeal.  See United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584 (1982); United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991). Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally.  See Shaid, 937 F.2d at 232.

It is significant to note that Thomas raised the Booker argument on appeal when the Fifth Circuit affirmed his conviction and sentence after remand from the United States Supreme Court for reconsideration in light of Booker.  Even if Thomas had not raised his Booker claim on appeal, it is of no moment. The Fifth Circuit has reasoned that assertions

of Booker/Blakely claims on collateral review are foreclosed. See United States v. Edwards, 442 F.3d 258, 268 (5th Cir. 2006) (citing United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005), and In re Elwood, 408 F.3d 211, 212-213 (5th Cir. 2005) (per curiam)). Thus, Thomas' claims as to this issue are without merit.

    **B.**    **Ineffective Assistance of Counsel.**

Thomas also challenges the validity of his sentence on the grounds that he received ineffective assistance of counsel. Ineffective assistance of counsel claims may be considered in a claim made pursuant to 28 U.S.C. § 2255. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996); United States v. Navejar, 963 F.2d 733, 735 (5th Cir. 1992). In order to successfully prove a claim of ineffective assistance of counsel, Thomas must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). When applying the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Thomas may only overcome this presumption by showing that under the "totality of the circumstances," the attorney's performance was outside the wide range of professionally competent assistance. See id. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Thomas must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. In order to establish prejudice under the second prong, Thomas must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." United States v. Saemz-Forero, 27 F.3d 1016, 1019 (5th Cir. 1994); Carter v. Johnson, 110 F.3d 1098, 1110 (5th Cir. 1997); Murray, 736 F.2d at 282.

The prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n. 6 (5th Cir. 1998); Murray, 736 F.2d at 282. If Thomas fails to satisfy either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail. See Tucker v. Johnson, 115 F.3d 276, 289 (5th Cir. 1997); Bryant v. Scott, 28 F.3d at 1415; Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

In his motion for relief under 28 U.S.C. § 2255 and his memorandum in support thereof, Thomas argues that his counsel was ineffective because she failed to raise the claim that the enhancement of his sentence for possession of the firearm was improper at sentencing or on appeal. This argument fails for two reasons. First, Thomas' counsel did in fact raise the issue on appeal, and the Fifth Circuit rejected such argument. See Record Document 35. Additionally, regardless of whether or not this Court had applied the two-point enhancement or not, the Court would have still imposed the same sentence. Because Thomas would have been sentenced the same regardless of the application of the Sentencing Guidelines enhancement factors, he has failed to show prejudice and his ineffective assistance of counsel claim fails.

**IV.   CONCLUSION.**

The Court finds that Thomas has failed to demonstrate the illegality of his sentence and/or that his assistance of counsel was ineffective. Accordingly,

**IT IS ORDERED** that Frazier Derrell Thomas' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 37) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of June, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE